NOT DESIGNATED FOR PUBLICATION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,738

STATE OF KANSAS,
*Appellee*,

v.

DENNIS LEE SHAFFER,
*Appellant*.


Review of the judgment of the Court of Appeals in an unpublished opinion filed November 22, 2019. Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed November 19, 2021. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.


*Jennifer C. Roth*, of Kansas Appellate Defender Office, argued the cause, and was on the briefs for appellant.


*Kendall Kaut*, assistant district attorney, argued the cause, and *Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.


The opinion of the court was delivered by


PER CURIAM:  In March 2021, we heard argument in this case and considered *State v. Davidson*, No. 119,759, on the summary calendar docket. Shaffer and Davidson both challenged the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., arguing that retroactive application of KORA violates the Ex Post Facto Clause of Article I, §10 of the United States Constitution.

1

On September 17, 2021, we issued a decision in *Davidson*, in which a majority of this court reaffirmed our holding in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016), that KORA is nonpunitive and that mandatory lifetime postrelease registration under KORA does not constitute punishment for purposes of applying provisions of the Ex Post Facto Clause. *State v. Davidson*, 314 Kan. 88, 495 P.3d 9 (2021). We had the briefing in *Shaffer* and considered it when we decided *Davidson*.

After we issued our opinion in *Davidson*, we ordered Shaffer to show cause why his case should not be summarily affirmed under Supreme Court Rule 7.041(a) (2021 Kan. S. Ct. R. 48), as *Davidson* and *Petersen-Beard* appear to be dispositive. In response, Shaffer argues that *Davidson* is not dispositive because his petition for review and supplemental brief presented more caselaw, more research, and more data to show that *Petersen-Beard* was wrongly decided in 2016.

The substance of Shaffer's supplemental brief is 25 pages long. Shaffer dedicates almost half of the brief to legislative history relating to the offender registration statutes in Kansas. The second half of his brief relies mainly on the majority analysis in *Doe v. Thompson*, 304 Kan. 291, 328, 373 P.3d 750 (2016), overruled by *Petersen-Beard*, and Justice Johnson's dissent in *Petersen-Beard*. Shaffer, like the *Thompson* majority did, points out several differences between the Alaska registration scheme analyzed in *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), and the stricter requirements of KORA. Shaffer attached to his supplemental brief almost 75 pages of exhibits, which set forth in detail the changes to the offender registration statutes from 1994 to 2011 and legislative testimony from 2011 related to those changes.

Shaffer's petition for review, supplemental brief, and attachments in support of his request to overturn the *Petersen-Beard* position were considered by this court. Other litigants had brought much of the information to the court's attention. In his petition for

2

review, he cites to four post-*Petersen-Beard* cases holding that retroactive application of a particular state's registration requirements violates the Ex Post Facto Clause. See *Does #1-5 v. Snyder,* 834 F.3d 696, 705-06 (6th Cir. 2016) (holding that retroactive application of Michigan's sex offender registration laws as applied to plaintiffs was punitive and thus violated federal Ex Post Facto Clause), *cert. denied* 138 S. Ct. 55 (2017); *Doe v. Rausch*, 382 F. Supp. 3d 783, 799-800 (E.D. Tenn. 2019) (holding that retroactive application of Tennessee lifetime offender registration requirement as applied to plaintiff was punitive and thus violated Ex Post Facto Clause); *Millard v. Rankin*, 265 F. Supp. 3d 1211, 1231 (D. Colo. 2017) (holding that Colorado's offender registration laws as applied to plaintiffs constituted punishment for Eighth Amendment purposes), *Commonwealth v. Muniz*, 640 Pa. 699, 706, 164 A.3d 1189 (2017) (holding that retroactive application of SORNA's registration provisions to defendant was punitive and thus violated Ex Post Facto Clause).

We begin by noting that two of the four cases cited by Shaffer in his petition for review no longer stand for the legal proposition that retroactive offender registration requirements are punitive and violate the Ex Post Facto Clause. The district court's decision on this issue in *Millard v. Rankin* was reversed and vacated by the Tenth Circuit in *Millard v. Camper*, 971 F.3d 1174, 1181-84 (10th Cir. 2020) (finding insufficient proof of punitive effect on plaintiffs). And although the Pennsylvania Supreme Court in *Muniz* held that retroactive application of the registration requirement as applied to the offender was punitive and violated the Ex Post Facto Clause, the Pennsylvania legislature later amended the statute. The Pennsylvania Supreme Court later held that the registration requirements in the amended statute were not punitive in effect and retroactive application did not violate the Ex Post Facto Clause. *Commonwealth v. Lacombe*, __ Pa. __, 234 A.3d 602, 605-06 (2020).

The remaining two cases cited by Shaffer in his petition for review do not help his cause. In *Snyder*, one of the effects of the Michigan statute that the Sixth Circuit

3

graphically described (with the aid of a map of the extensive areas of Grand Rapids, Michigan, that the law rendered off-limits to sex offenders) is that Michigan's law so restricted where sex offenders may live, work, and loiter that "many of the [p]laintiffs have had trouble finding a home in which they can legally live or a job where they can legally work." 834 F.3d at 698, 702. In *Rausch*, the court relied on specific and detailed facts presented to the trial court by plaintiff in his as-applied challenge to retroactive application of the lifetime registration requirement in Tennessee:

> "Prior to his request to be removed from the Registry, the Plaintiff held a good job as a sales representative, which required that he make deliveries within a varying geographical area. Plaintiff was 'completely straight' with his employer, who was aware of plaintiff's status on the Registry. The company made accommodations for deliveries to places that Plaintiff could not go, such as schools, to be handled by other employees. However, when Plaintiff learned that he would not be removed from the Registry, his employer was no longer willing to continue those accommodations indefinitely and Plaintiff was terminated.

> "In addition to the job loss, Plaintiff testified that he is not able to attend many family functions that take place in a park or to travel out of state without receiving advance permission from both Tennessee and the visiting state. Plaintiff is not allowed to decorate his house for holidays such as Halloween or Christmas. Plaintiff complains that his picture is published in certain local newspapers sold at convenience stores—"a Thrifty Nickel-type deal"—that includes a section on individuals listed on the Registry. Finally, Plaintiff complains that his status as a sex offender is listed on his photo identification." *Rausch*, 382 F. Supp. 3d at 789-90.

Unlike the fact-intensive nature of the two cases cited above, Shaffer did not provide any evidence to the district court to show the effect of the retroactive registration requirement on him rises to the level of punishment. At the district court, his argument on this issue was limited to the following generic statement:

4

"KORA, Kansas Offender Registration Act, is unconstitutional as it is applied to him, as it was applied to him retroactively. When this case—when he was originally convicted of the offense that he is required to register for, he was not at that time required to register. Since 2009-2010, it was retroactively applied, the Registration Act to him forcing him to register at that time. Our argument would be that that violates the ex post facto clause of the Constitution, that it is punitive in nature and that it also violates the Eighth Amendment."

Simply put, the additional information presented by Shaffer in his petition for review and his supplemental brief does not change the answer to the threshold question decided in *Petersen-Beard* and affirmed in *Davidson*: KORA is not punitive. As a result, we summarily affirm the decision of the Court of Appeals and the district court finding that retroactive application of KORA to Shaffer does not violate the Ex Post Facto Clause of the United States Constitution.

Affirmed.

\* \* \*

ROSEN, J., dissenting:  Consistent with my longstanding opinion that the Kansas offender registration requirements are punitive, I dissent from today's decision. My observations regarding the punitive aspects of KORA are explained in greater detail in my dissents in the recently decided cases *State v. N.R.*, 314 Kan. 98, 117, 495 P.3d 16 (2021), and *State v. Davidson.*, 314 Kan. 88, 96-97, 495 P.3d 9 (2021).

The majority here summarily dismisses the compelling arguments and authority offered in Shaffer's brief and attachments by simply stating it offers nothing new or the cases relied on miss the mark. Apparently, other States don't share my colleagues'

5

assessment of Shaffer's data and research that the majority continues to reject. As I stated in my dissent in *Davidson*, it is time for this court to join the ranks of the many other courts that have rightfully recognized the punitive nature of registration requirements. 314 Kan. at 96-97 (citing *Does #1-5 v. Snyder*, 834 F.3d 696, 705 [6th Cir. 2016]; *People v. Betts*, No. 148981, 2021 WL 3161828, at *12 [Mich. 2021]; *Starkey v. Oklahoma Dep't of Corr.*, 305 P.3d 1004 [Okla. 2013]; *Doe v. Dep't of Pub. Safety & Corr. Servs.*, 430 Md. 535, 568, 62 A.3d 123 [2013]; *Wallace v. State*, 905 N.E.2d 371, 384 [Ind. 2009]).

Consequently, I conclude the retroactive application of the registration requirements to Shaffer violated the Ex Post Facto Clause. See *State v. Shaylor*, 306 Kan. 1049, 1053, 400 P.3d 177 (2017). I would reverse Shaffer's conviction.